## Weshner v. Conn

*Allen N. Brunwasser*, for plaintiff.

*William L. Jacob, William L. Jacob, Jr.*, and *Charles E. McKissock*, for defendant.

ALPERN, J., November 28, 1955.—A petition has been filed by the Western Pennsylvania Humane Society for permission to intervene in the replevin action at the above number and term. Plaintiff in the replevin action had instituted the proceeding to procure possession of a Doberman Pinscher dog named Heidi. Defendant, Gloria Conn, filed a counterbond

in order to retain possession. There have been several legal skirmishes between plaintiff and defendant with respect to the dog which culminated in the dog being placed in the possession of the Animal Rescue League until disposition of the replevin proceedings. This action was taken because defendant attempted to evade a court order entered by Judge Duff.

There is no question that Sam Weshner was originally the owner of the dog. It appears that, on July 1, 1955, he gave the dog to the humane society for the purpose of having it placed in a suitable home. On July 1, 1955, the humane society entered into a written agreement with Gloria Conn, pursuant to which she received possession of the dog and agreed to the conditions in the placement contract. The placement contract provided, inter alia, that defendant would give the dog proper treatment and furnish suitable quarters. It also provided that the dog would be returned to the humane society by defendant upon the demand of the society. In the agreement with Gloria Conn, the humane society specifically reserved title to the dog as between it and Miss Conn. The title papers are still in the physical possession of plaintiff.

On July 8, 1955, pursuant to a complaint, a representative of the humane society made an inspection at the Conn home and found the living conditions and the treatment of the dog unsatisfactory. On the same date, the society demanded the return of the dog. Defendant refused to return the dog. The society thereupon filed an information with an alderman. After hearing, defendant was fined. An appeal taken by defendant was quashed.

The basic question before the court is whether the Western Pennsylvania Humane Society, which claims title to the dog and the right of reclaiming the dog under certain stipulated conditions, can intervene in

the replevin proceedings. It is the opinion of the court that such intervention is specifically permitted under the Pennsylvania Rules of Civil Procedues, which provide as follows:

"RULE 2327. WHO MAY INTERVENE

"At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if

"(1) the entry of a judgment in such action or the satisfaction of such judgment will impose any liability upon such person to indemnify in whole or in part the party against whom judgment may be entered; or

"(2) such person is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof; or

"(3) such person could have joined as an original party in the action or could have been joined therein; or

"(4) the determination of such action may affect any legally enforceable interest of such person whether or not he may be found by a judgment in the action."

The facts in the case at bar bring this petition for intervention squarely within the provisions of the rule. Certainly, the Western Pennsylvania Humane Society, which retained title to the dog and entered into a placement contract, has a right to intervene in proceedings which, at their disposition, will affect the ownership of the animal.

There are numerous decisions of our appellate courts sustaining the type of intervention that is involved in the instant case. It cannot be satisfactorily argued that the disposition of the replevin action will not affect the rights of the Western Pennsylvania Humane Society. It will establish whether plaintiff, Sam Weshner, the Western Pennsylvania Humane

Society or defendant, Gloria Conn, is the owner of the Doberman Pinscher.

There appears to be no valid reason for objecting to the intervention, since it is clearly in the interest of all the parties that the determination of who has the right to the Doberman Pinscher be adjudicated in one proceeding. We can see no possible benefit to defendant in facing another replevin action in the event she is successful in the replevin action instituted by plaintiff in this case. The only one who could conceivably object to the intervention would be plaintiff, and no such objection has been filed. Even if the objection were filed, the court would not consider it controlling.

The only thing before the court is not who is the owner of the dog, but the question of allowance of an intervening petition which will determine this very question. The final disposition of the case can protect the rights of all the parties. The purpose of the Rules of Civil Procedure was to avoid multiplicity of suits and to simplify the adjudication of issues. The allowance of the intervention will serve that worthy objective and cannot possibly harm any of the parties to this action.

Nor do we find that there has been such delay as to justify the refusal of the petition for intervention. The demand was made immediately upon defendant and refused. Legal proceedings were instituted in sufficient time so as not to bar the claim of the intervenor. Defendant is protected by the bonds that are required.

### Order

And now, to wit, this November 28, 1955, it is ordered and decreed that the petition of the Western Pennsylvania Humane Society to intervene in the above-entitled case be and is hereby granted.

Eo die, exception noted to plaintiff and bill sealed.

Eo die, exception noted to defendant and bill sealed.